**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHRISTIAN F. MEISTER,**

        **Plaintiff,**

**-vs-**                                                    Case No. 2:06-cv-444-FtM-34SPC

**MIKE SCOTT, in his capacity as Sheriff of
Lee County, Florida; MIKE SCOTT, in his
individual capacity; DON HUNTER, in his
official capacity as Sheriff of Collier County,
Florida; J.J. CARROLL; RICHARD
SNYDER; RYAN JUSTHAM; STEPHAN
PIERCE; GENE SIMS; PEDRO J. SOTO;
MIKE JOHNSTON;**

        **Defendants.**
_____

## ORDER

This matter comes before the Court on the following motions: the Motion to Dismiss filed by Defendants Richard Snyder ("Snyder"), Ryan Justham ("Justham"), Stephan Pierce ("Pierce"), Gene Sims ("Sims"), Pedro J. Soto ("Soto"), and Mike Johnston ("Johnston") (Doc. 127); the Motion to Dismiss filed by Defendant Mike Scott ("Scott") in both his official and individual capacities (Doc. 128); the Motion to Dismiss filed by Defendant Don Hunter ("Hunter") in his official capacity and J.J. Carroll ("Carroll") (Doc. 129); the Motion for Summary Judgment filed by Defendants Snyder, Justham, Pierce, Sims, Soto and Johnston (Doc. 154); the Motion for Summary Judgment filed by Defendant Scott in both capacities (Doc. 155); and the Motion for Summary Judgment filed by Defendants Hunter and Carroll (Doc. 157).

A review of the lengthy procedural history of this case is necessary to understand its current posture. The Plaintiff, Christian F. Meister ("Meister"), appearing *pro se*, filed his original complaint (the "Complaint") (Doc. 1) on September 6, 2006. It was 12 pages long and contained ten counts. In the Complaint, Meister alleged that he suffered national origin discrimination[1] and gender discrimination while undergoing training at the Southwest Florida Criminal Justice Academy ("SWFLCJA"). Meister also alleged that he had been retaliated against for having complained of the discrimination, and that he had been libeled and slandered by several of the Defendants when they wrote unflattering reports regarding Meister's performance and his likelihood of becoming a police officer. (Doc. 1 at 9-11).

The Defendants responded with a motion to dismiss on October 12, 2006. (Doc. 10). Meister sought (Doc. 28) and was granted (Doc. 34) leave to file an amended complaint, making the motion to dismiss moot. The amended complaint ("First Amended Complaint") (Doc. 37), filed December 11, 2006, was 23 pages long and contained 24 counts. Meister added additional sexual discrimination claims and two constitutional claims, but the underlying factual assertions remained essentially identical.

On December 18, 2006, the Defendants filed a motion to dismiss the First Amended Complaint. (Doc. 38). Prior to the resolution of that motion, on January 23, 2007, Meister sought leave to file a second amended complaint. (Doc. 44). The proposed second amended complaint was not scanned. However, according to the Defendants, the proposed second amended complaint

---

[1]Meister asserts that he is of "Austrian nationality/ancestry". (Doc. 1 at 2). The alleged discriminatory remarks included one Defendant referring to Meister as "Balki," a character from the television series "Perfect Strangers," and another describing Meister as "strange but okay." (Doc. 1 at 4-5).

had expanded to 97 counts and added a multitude of evidentiary allegations. (Doc. 50 at 2-3). On March 9, 2007, United States Magistrate Judge Chappell recommended that the motion for leave to file a second amended complaint be denied on the grounds that the proposed amendment would be futile, largely because the additional counts were barred by binding precedent. (Doc. 55).

On March 26, 2007, while his motion for leave to file a second amended complaint was pending, Meister sought leave to file a third amended complaint. (Doc. 59). He did not submit the proposed third amended complaint along with this motion. The Defendants opposed this request (Doc. 60), which was denied. (Doc. 63). Shortly thereafter, Meister repeated his request for leave to file a third amended complaint. (Doc. 71). This time the proposed third amended complaint was attached, but it was not scanned. (Doc. 71-2). The Defendants again opposed the motion. (Doc. 76, 77). On August 27, 2007, while the earlier motions were still pending, Meister sought leave to file a fourth amended complaint. (Doc. 85). Again, the Defendants opposed Meister's request. (Doc. 88).

On September 19, 2007, Judge Chappell granted Meister's motion for leave to file a fourth amended complaint, vacated her previous report and recommendation (Doc. 55), and denied as moot Meister's motions for leave to file a first, second and third amended complaint. (Doc. 89 at 4). Subsequently, Meister filed an amended pleading (the "Fourth Amended Complaint") (Doc. 91) that was 25 pages long and contained 142 numbered paragraphs. However, Meister also attempted to incorporate Counts 1 through 96 and 106 through 112 from the proposed third amended complaint. (Doc. 91 at 5, 8). (The Fourth Amended Complaint itself included Counts 97 through 105 and 113 through 120.) Some of these counts mirrored those of the First Amended Complaint, while others raised additional claims such as breach of contract (Doc. 91 at 5-7) and

false light invasion of privacy (Doc. 91 at 15-17). All of the allegations arose out of Meister's stint at the SWFLCJA.

The Defendants again moved to dismiss. (Doc. 95, 97). On December 11, 2007, Judge Howard granted the motions to dismiss on numerous grounds, including Meister's failure to file the entire Fourth Amended Complaint (because of the attempts to incorporate most of the proposed third amended complaint). (Doc. 111 at 3). Judge Howard also based the dismissal on her determination that the Fourth Amended Complaint violated Rule 8 of the Federal Rules of Civil Procedure, which provides that a pleading must contain "a short and plain statement of the claim that shows the pleader is entitled to relief":

> Upon due consideration of the Fourth Amended Complaint, the Court finds that it constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. *See id.* Here, the Fourth Amended Complaint contains 120 counts and 142 numbered paragraphs. In Counts 113 through 120, Plaintiff incorporates and realleges all paragraphs in the Fourth Amended Complaint. See generally Fourth Amended Complaint. In addition, in each of the counts, Plaintiff incorporates the "Third Amended Complaint and Demand for a Jury Trial" in its entirety.

(Doc. 111 at 4-5). Judge Howard dismissed the Fourth Amended Complaint, which she described as a "rambling, sometimes unintelligible, complaint which does not constitute a 'short and plain statement' of Plaintiff's claims." (Doc. 111 at 4). She directed Meister "to file a Fifth Amended Complaint consistent with the directives of this Order." (Doc. 111 at 6). Those directives included, *inter alia*, an obligation to follow the "minimum pleading standards" set forth in the

Federal Rules of Civil Procedure, a requirement that the Fifth Amended Complaint contain "a short and plain statement" of Meister's claims demonstrating that Meister is entitled to relief as required by Rule 8, and a command for Meister to "describe in sufficient detail the factual basis for each of his claims and how each defendant is responsible." (Doc. 111 at 6). Meister was also warned not to incorporate by reference any of his earlier complaints or to have any of the counts in the Fifth Amended Complaint incorporate claims raised in preceding counts. (Doc. 111 at 6). Meister filed the Fifth Amended Complaint on January 16, 2008. (Doc. 121). The Fifth Amended Complaint was 96 pages long, containing more than 600 numbered paragraphs and more than 150 counts. (Doc. 121).

By way of three separate motions, the defendants sought dismissal of the Fifth Amended Complaint on the grounds that, among other shortcomings, it was also a shotgun pleading. (Doc. 127-129). Meister sought permission for his response to exceed the page limit established by the Local Rules. (Doc. 131). Judge Chappell denied the request, informing Meister that the Local Rules permitted him to file a separate 20-page response to each of the three motions. (Doc. 147 at 3). Two weeks later, despite this ruling, Meister filed a single, 145-page[2] response (Doc. 148) to the three motions to dismiss.

On July 25, 2008, Judge Howard struck the response, noting that it violated the Local Rules and Judge Chappell's order. (Doc. 187 at 3-4). Judge Howard also noted that Meister had failed to respond to a number of pending motions for summary judgment. In consideration of his *pro se* status, Meister was given "one final opportunity to properly respond to all of the pending

---

[2]The exhibits attached to the response are not included in this 145-page total.

motions." (Doc. 187 at 5). Meister's deadline for responding to the motions to dismiss was extended to August 22, 2008, and his deadline for responding to the motions for summary judgment was moved back to September 22, 2008. (Doc. 187 at 6-7). On August 10, 2008, in ruling on Meister's attempt to appeal several earlier orders, the Court warned Meister that the August 22 and September 22 deadlines for responding to these dispositive motions remained in effect. (Doc. 196 at 2-3).

On August 15, 2008, Meister filed a motion seeking to stay the deadlines on the grounds that, among other things, the issue of his leave to exceed the 25-page limit was on appeal. (Doc. 203 at 6). On August 21, 2008 – still prior to Meister's deadline to respond to the motions to dismiss – Judge Steele denied the motion to stay pending appeal (Doc. 206), noting that Meister had previously been denied leave to proceed *in forma pauperis*, and the Court had certified that his interlocutory appeals were not taken in good faith. (Doc. 202). In the order, Judge Steele also warned Meister that he had to comply with Judge Howard's order of July 25, 2008 – which established deadlines and page limits for Meister's responses to the dispositive motions – or the dispositive motions would be considered unopposed. (Doc. 206 at 2).

Meister filed an interlocutory appeal (Doc. 207) of that order (as he had done, unsuccessfully, with several other orders), and he subsequently filed a motion for issuance of a contempt citation (Doc. 213) regarding a discovery issue. However, despite the extensions and the repeated warnings from the Court, Meister never filed a response to any of the motions to dismiss or the motions for summary judgment. Pursuant to Local Rule 3.01(b), Judge Howard's order of July 25, 2008, and Judge Steele's order of August 21, 2008, those motions are therefore considered to be unopposed. However, this Court cannot base the entry of summary judgment on

motions." (Doc. 187 at 5). Meister's deadline for responding to the motions to dismiss was extended to August 22, 2008, and his deadline for responding to the motions for summary judgment was moved back to September 22, 2008. (Doc. 187 at 6-7). On August 10, 2008, in ruling on Meister's attempt to appeal several earlier orders, the Court warned Meister that the August 22 and September 22 deadlines for responding to these dispositive motions remained in effect. (Doc. 196 at 2-3).

On August 15, 2008, Meister filed a motion seeking to stay the deadlines on the grounds that, among other things, the issue of his leave to exceed the 25-page limit was on appeal. (Doc. 203 at 6). On August 21, 2008 – still prior to Meister's deadline to respond to the motions to dismiss – Judge Steele denied the motion to stay pending appeal (Doc. 206), noting that Meister had previously been denied leave to proceed *in forma pauperis*, and the Court had certified that his interlocutory appeals were not taken in good faith. (Doc. 202). In the order, Judge Steele also warned Meister that he had to comply with Judge Howard's order of July 25, 2008 – which established deadlines and page limits for Meister's responses to the dispositive motions – or the dispositive motions would be considered unopposed. (Doc. 206 at 2).

Meister filed an interlocutory appeal (Doc. 207) of that order (as he had done, unsuccessfully, with several other orders), and he subsequently filed a motion for issuance of a contempt citation (Doc. 213) regarding a discovery issue. However, despite the extensions and the repeated warnings from the Court, Meister never filed a response to any of the motions to dismiss or the motions for summary judgment. Pursuant to Local Rule 3.01(b), Judge Howard's order of July 25, 2008, and Judge Steele's order of August 21, 2008, those motions are therefore considered to be unopposed. However, this Court cannot base the entry of summary judgment on

the mere fact that the motion is unopposed, but must consider the merits of the motion. *Trs. of the Cent. Pension Fund of Int'l Union of Operating Eng'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004).

After a review of the Fifth Amended Complaint and the three motions for summary judgment, the Court finds that the motions are meritorious and due to be granted. Many of Meister's legal theories are simply ludicrous, totally devoid of any support in the law. For example, he declares himself to be a member of never-before-recognized "protected" groups ("Plaintiff Meister . . . is situated in the protected less-than-macho classification." (Doc. 121 at 30)) and complains of gender discrimination that is not actually based on his gender ("Defendant[s]' evaluation of Meister's performance was motivated by a discriminatory animus because LCSO recruit Meister did not conform to the stereotype of how a male should act." (Doc. 121-2 at 4)).

Further, he has failed to produce any evidence in support of his theories. Among other failings, Meister has provided no evidence to support his contentions that anyone outside of his (allegedly) protected categories received more favorable treatment than he did, or that any individual who received better treatment was similarly situated to him – a prerequisite for his myriad disparate treatment claims. He has also failed to produce evidence as to the existence of any contracts between himself and most of the Defendants against whom he has asserted breach claims. (And the only contract he has identified – the "Academy Tuition/Training Cost Agreement" between Meister and the Lee County Sheriff's Office (Doc. 121-3) – specifically authorizes the payroll deduction that he contends was a breach.) Moreover, Meister has failed to show that he can overcome the various defenses raised by the defendants, such as their assertions

of qualified immunity, his apparent failure to satisfy the notice requirement of Fla. Stat. § 768.28(6), and the immunity provided to public officials under Florida law for allegedly defamatory statements made in the scope of their duties. While pleadings prepared by *pro se* litigants are to be liberally construed, a *pro se* litigant cannot avoid the essential burden of establishing that there is a genuine issue as to a fact material to his case in order to avoid summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Meister has entirely failed to satisfy this burden.

In addition, even if Meister had responded to the motions with even the slightest bit of evidentiary support or legal justification for his allegations, the Court would have nonetheless dismissed the case pursuant to Rule 41(b). Meister has repeatedly defied the orders of this Court, ignoring deadlines, page limits, and most prominently, Judge Howard's order that he file a Fifth Amended Complaint that complied with Rule 8. Meister responded to that order with a 98-page, 150-count pleading that is verbose and convoluted nearly to the point of indecipherability. The factual allegations and legal conclusions that make up the first 249 paragraphs of the Fifth Amended Complaint are incorporated into every single one of the 150 counts that make up the remaining 300-plus numbered paragraphs of that document. The Fifth Amended Complaint is, in short, the very model of a shotgun pleading. Despite repeated warnings, Meister has demonstrated that he has no intention of complying with the orders of this Court or the pertinent Federal Rules of Civil Procedure, and the sanction of last resort is therefore warranted here. *See Goodison v. Washington Mut. Bank*, 232 Fed.Appx. 922, 922-23 (11th Cir. 2007). As noted above, however, the resolution of the motions for summary judgment renders this issue moot.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment filed by Defendants Snyder, Justham, Pierce, Sims, Soto and Johnston (Doc. 154), the Motion for Summary Judgment filed by Defendant Scott (Doc. 155), and the Motion for Summary Judgment filed by Defendants Hunter and Carroll (Doc. 157) are hereby **GRANTED,** and the Clerk is **DIRECTED** to enter judgment in their favor. And it is further

**ORDERED** that the Motion to Dismiss filed by Defendants Snyder, Justham, Pierce, Sims, Soto and Johnston (Doc. 127), the Motion to Dismiss filed by Defendant Scott (Doc. 128), and the Motion to Dismiss filed by Defendants Hunter and Carroll (Doc. 129) are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 20, 2009

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE